## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DAVITT, SCOTT CARTER and MARK TUDYK individually and on behalf of others similarly situated, | No. 2:13-cv-00381-FSH-PS |
| Plaintiffs, | |
| vs. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

WHEREAS, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the Settlement Agreement fully executed on September 19, 2014 (the "Settlement Agreement" or "Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Litigation and dismissal of the Litigation with prejudice; and

WHEREAS, the Court has read and considered the Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

NOW, THEREFORE, IT IS ORDERED THAT:

1

Exhibit 4

1.     This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Order shall have the same meanings as set forth in the Agreement.

2.     The Court preliminarily approves the settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the settlement, the Settlement Class as follows:

> All residents of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, or Guam who own or lease, or previously owned or leased a Settlement Class Vehicle.[1] The Settlement Class also includes all United States military personnel who purchased a Settlement Class Vehicle outside the United States during military duty. Excluded from the Settlement Class are Honda, Honda's employees, employees of Honda's affiliated companies, Honda's officers and directors, dealers that currently own Settlement Class Vehicles, all entities claiming to be subrogated to the rights of Settlement Class Members, issuers of extended vehicle warranties, and any Judge to whom the Litigation is assigned.

4.     The Court appoints the law firm of Chimicles & Tikellis LLP as Class Counsel for the Settlement Class.

---

[1] As defined in the Settlement Agreement, the Settlement Class Vehicles are all 2007 and 2008 Honda CR-Vs as well as 2009 Two-Wheel Drive CR-Vs with VINs in the following ranges: JHLxxxxxxxx000001–JHLxxxxxxxx007343; 5J6xxxxxxxx000001–5J6xxxxxxxx003420; or 3CZxxxxxxxx700001–3CZxxxxxxxx701680, and 2009 All Wheel Drive CR-Vs with VINs in the following ranges: JHLxxxxxxxxx000001–JHLxxxxxxxxx007327; 5J6xxxxxxxx000001–5J6xxxxxxxx007526; or 3CZxxxxxxxx700001–3CZxxxxxxxx7002402009.

2

Exhibit 4

5.      The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6.      The Court approves the form and content of the Notice (Exhibit 3 to the Settlement Agreement). The Court finds that the mailing of the Notice in the manner set forth in the Agreement, and the Internet notice, satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to notice.

7.      The Claim Form (Exhibit 1 to the Settlement Agreement) is approved for dissemination to the Settlement Class Members.

a.      Honda shall cause the Notice and Claim Form to be disseminated to Settlement Class Members in the form and manner set forth in the Settlement Agreement on a rolling basis within 90 days of the entry of this order.

3

Exhibit 4

and Claim Form prior to distribution if they jointly agree that the changes are appropriate.

        b.     Honda shall also – at its expense – provide a toll-free number with live operators to field questions from Settlement Class Members; set up a dedicated website that will include the Notice, Claim Form, Settlement Agreement, and other relevant materials; and notify its dealers of the settlement.

        c.     At least fourteen days before the Final Approval Hearing, Honda shall notify the Court of the details of the notice provided pursuant to this Order and the Settlement Agreement.

      8.     If Settlement Class Members do not wish to participate in the settlement, they may exclude themselves. All requests to be excluded from the Settlement Class must be in writing and postmarked on or before [135 days from entry of order]. Any request for exclusion must contain this case caption and be mailed to Settlement Administrator, P.O. Box 2722, Torrance, CA 90509.

      9.     If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written request for exclusion shall state in writing (a) name, current address, and telephone number; (b) the date of acquisition and Vehicle Identification Number of the Class Vehicle; and (c) a clear statement communicating that the person elects to be excluded from the settlement. No request for exclusion will be valid unless all of the information

4

Exhibit 4

described above is included. All Class Members who exclude themselves from the Settlement Class will not be eligible to receive any monetary benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Honda and other Released Persons.

10.    Any Settlement Class Member who has not previously submitted a request for exclusion may appear at the Final Approval Hearing to argue that the proposed settlement should not be approved. In order to be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it, along with a notice of intention to appear at the Fairness Hearing, with the Court at least twenty-one days before the hearing.

11.    Objecting Settlement Class Members must: (a) set forth the objector's name, current address, and telephone number; (b) identify the date of acquisition and Vehicle Identification Number of their Class Vehicle; (c) state that the objector has reviewed the Settlement Class definition and understands that he, she, or it is a Settlement Class Member; (d) explain all legal and factual bases for any objection; (e) state whether the Settlement Class Member has had any Door Lock Actuator Repairs, and, if so, provide evidence of the repairs; (f) provide copies of any documents the objector wishes to submit to the Court; and (g) provide a list of all proposed settlements they or their counsel objected to in the last five years.

Exhibit 4

12.     Objections must be filed with the Court and, if not electronically filed via ECF, mailed to each of the following, postmarked on or before [135 days from entry of order]: Joseph G. Sauder and Matthew D. Schelkopf, Chimicles & Tikellis, LLP, 361 West Lancaster Avenue, Haverford, PA 19041; and Eric S. Mattson and Michael C. Andolina, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603.

13.     Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

14.     The Court hereby schedules the Final Approval Hearing for May 7, 2015 at 10:00 a.m./p.m. in Courtroom MLK 4A of the United States District Court for the District of New Jersey, Newark Division, Martin Luther King, Jr. Building & U.S. Courthouse, 50 Walnut Street, Newark NJ 07101, to determine whether the proposed settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the settlement, and whether Class Counsel's application for attorneys' fees and for incentive awards to the Representative Plaintiffs should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

6

Exhibit 4

15.     Settlement Class Members shall have sixty days after the date of the

Final Approval Hearing to submit Claim Forms. Claim Forms must be postmarked

by that date to be considered timely.

IT IS SO ORDERED.


DATED: 11/5              , 2014




_____
Honorable Faith S. Hochberg
United States District Judge




7

Exhibit 4