March 18, 2015

Clerk of the U. S. District Court
for the District of New Jersey
50 Walnut Street. Room 4015
Newark, NJ 07101

Re: Davitt v. American Honda Motor Co., Inc.
     Case No. 13-cv-00381
     Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlements and request for attorney's fees. I am a class member who is not being represented by counsel. and I do not intend to appear at the Final Approval Hearing.

Some time ago, I took my CRV to the dealer because the door lock actuator ceased working. Without any regard to this case or any settlement agreement, the dealer fixed and replaced the actuator without cost even though my warranty had long since expired. Therefore, it appears that no benefit is conferred on class members by this Settlement. The only beneficiary are Class Counsel.

I adopt and incorporate the objections of other class members. In addition, the basis of my objection are six fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendant on Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective order and/or confidentiality agreement, may be indicia of a consciousness of unfairness and collusion; 3) The amount of the proposed attorney fees plus expenses constitute over reaching and represents unjust enrichment; 4) The Settlements does not protect the interests of sub-classes members who may have other, unrelated claims against defendants such as those arising from tort, 5) The Settlement attempts to frighten class members into not objecting by threatening them with depositions and exclusion from the class based on objections they have made in other class action cases, and 6) offers no benefit to class members they could not obtain on their own. The only beneficiary are Counsel.

In its Settlement Statement published on the case web site, Class Counsel failed to recite what particular discovery results, what particular proceedings, and what particular procedures led up to the proposed Settlement. Members of the class, including myself, need to be able to look through the file, including discovery, and satisfy themselves that the proposed Settlement is adequate, fair, and an arms length transaction, but this is not possible because there is a protective order in place. Instead, we are offered only empty

recitations naming types of discovery that could have been copied from a law school hornbook, and the examples of discovery that are set forth raise red flags about unnecessary and unproductive procedures. If the role of an objector is to have any meaning, it must be coupled with the right to scrutinize the case file and verify the details. Failure to allow this access, coupled with Court approval, constitutes a denial of My right to due process under the 5th and 14th Amendments to the U.S. Constitution

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order and/or confidentiality agreement in place was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 ©, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order and/or confidentiality agreement, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In *Eubank v.*

*Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3rd 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for the class. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable especially because the red flags raised by unnecessary discovery meant only to pad Class counsel's lodestar.

I declare, under penalty of perjury, that on or about April of 2008, I purchased a new Honda CRV, VIN #JHLRE48758C054618. .

Very truly yours,

Michael Narkin

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com







Clerk of the U. S. District Court
for the District of New Jersey
50 Walnut Street. Room 4015
Newark, NJ 07101

NARKIN
8539 1-Elheyam Rd.
Eugene, OR 97405