# EXHIBIT D

*Cases in Which Michael Narkin Has Filed Objections*

| Case # | Case | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| 1 | *Rosales v. FitFlop USA, LLC*, 3:11-cv-00973-W-KSC (S.D.Cal.) | "[T]he Court finds [Mr. Narkin's] objections lack merit" based on "the substantial investigation, discovery and motion practice that has occurred, the complex legal and scientific issues raised by the claims and defenses at issue, and the substantial benefit achieved both in terms of the Settlement Fund and injunctive relief" and "the extended settlement negotiations required to resolve the case." Dkt. No. 121 at pp. 13- 14. | Notice of appeal filed May 27, 2014. Dkt. No. 122. | Appeal dismissed October 20, 2014. Dkt. No. 136. |
| 2 | *Herrick et al v. JPMorgan Chase Bank, N.A. et al*, 1:13- cv-21107-FAM (S.D. Fla.) | Objection overruled. Dkt. No. 128 at p. 26. | Notice of appeal filed March 28, 2014. Dkt. No. 136. | Appeal dismissed October 15, 2014. Dkt. No. 191. |
| 3 | In re Polyurethane Foam Antitrust Litigation, 1:10-md-02196-JZ (N.D. Ohio) | Objection overruled- "Further, he raises meritless allegations of collusion; worries about whether the settlement protects "sub-classes," which do not in fact exist; complains about his need to review discovery in this matter to assess his "claim," despite caselaw that states a class member has no such right to discovery (or only a qualified right, which Narkin's meritless objection does not warrant); speculates that Class Counsel "may have seen no need to engage in real discovery to determine what the case was worth," speculation that is resoundingly rejected by the discovery record; implies that courts have removed "Class Counsel" from class leadership positions they held in other cases, owing to "lack of integrity," when in fact Class Counsel in this case have no connection with the cases he cites; appears to believe attorneys' fees were part of the settlement agreement and "were acceptable to the defense," when in fact defense counsel played no role in Class Counsel's separately filed fee motion; and is a serial objector, whose carbon-copy objections district courts frequently reject as baseless (see Doc. 1475-6; see also Doc. 1475 at 4–11). This Court overrules his objection."  Dkt. No. 1534. | Notice of appeal filed March 20, 2015.  Dkt. No. 1620. | Pending |
| 4 | *Larsen et al v. Trader Joe's Company*, 3:11-cv-05188 (N.D. Cal.) | Objection overruled- "Mr. Narkin's objection is based on three misplaced contentions.5 First, he claims there is no adequate showing that the settlement bears any relationship to the alleged damages. The parties assert that the settlement represents 50% of Trader Joe's profits on the products at issue in the litigation. Given the risks going forward, the nature of a | Notice of appeal filed August 11, 2014.  Dkt. No. 127. | Appeal dismissed November 19, 2014. Dkt. No. 135. |

| | | compromise, and the fact that all of the class members who made claims will be compensated, the settlement value is fair. Second, Mr. Narkin claims the parties' use of a protective order in this case is somehow indicative of collusion and that he, as a purported absentee class member, is entitled to view any document. Class members who object to a class action settlement do not have an absolute right to discovery. In re Wachovia Corp. Pick-A-Payment Mortgage Mktg. & Sales Practices Litig., No. 09-cv-02015 PSG, 2011 WL 1496342, at *1 (N.D. Cal. Apr. 20, 2011). "While objectors are entitled to meaningful participation in the settlement proceedings, and leave to be heard, they are not automatically entitled to discovery or to question and debate every provision of the proposed compromise." Id. Discovery of settlement information "is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." Lobatz v. U.S. West Cellular of California, Inc., 222 F.3d 1142, 1148 (9th Cir. 2000) (citation omitted). Mr. Narkin does not provide authority to support his belief that objectors are entitled to seek documents, nor does identify any documents he believes were produced or why he would want to see them." Dkt. No. 121. | | |
|---|---|---|---|---|
| 5 | *Bezdek v. Vibram USA Inc., et al*, 1:12-cv-10513 (D. Mass.) | Objection overruled- "Narkin's and Ference's objections are unpersuasive and ungrounded, respectively. Narkin's objection to the fee request states merely that it is excessive, without further explanation."  Dkt. No. 106. | Notice of appeal filed February 17, 2015. Dkt. No. 115. | Pending |
| 6 | *Miller v. Ghirardelli Chocolate Company*, 3:12-cv-04936 (N.D. Cal.) | Objection overruled- "The court finds that, in fact, all three objectors have failed to establish their standing to challenge the settlement. Ms. Ference and Mr. Narkin have not complied with these procedures and so have not established that they are class members. Ms. Ference did not provide her address, nor did she provide any documents or testimony to establish that she is a class member. Nothing in her objection states that she bought any Ghirardelli products.4 Nothing in Ms. Diereke's short letter states that she bought a Ghirardelli product. (ECF No.146.) While Mr. Narkin, a former California-licensed attorney, did state, ―I declare that I purchased, in the United States, at least one of the covered Ghirardelli products during the class | Notice of appeal filed March 19, 2015.  Dkt. No. 174. | |

H0043430.

| | | | | |
|---|---|---|---|---|
| | | period, he does not identify which product he bought, or when, nor does he make the statement under penalty of perjury, so it does not constitute ―testimony. See Fed. R. Evid. 603 (requiring oath or affirmation); 28 U.S.C. § 1746 (allowing substitute testimony by declaration under penalty of perjury). It is therefore proper for the court to strike their objections. See, e.g., In re Hydroxycut Mktg. & Sales Practices Litig., 2013 WL 5275618, at *2 (S.D. Cal. Sept.17, 2013) (striking objection because objector had not ―carried his burden of proving standing as a class member‖); In re Korean Air Lines Co. Antitrust Litig., 2013 WL 7985367, at *2 (C.D. Cal. Dec. 23, 2013) (finding objectors lack standing for failure to show class membership); Kent v. Hewlett-Packard Co., 2011 U.S. Dist. LEXIS 106825 *7 (N.D. Cal. Sept. 20, 2011) (―Because they are not members of the class, the Ziegenfelders lack standing to object.‖); San Francisco NAACP v. San Francisco Unified School Dist., 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) (―nonclass members have no standing to object to the settlement of a class action‖); Tarlecki v. Bebe Stores, Inc., 2009 U.S. Dist. LEXIS 102531 (N.D. Cal. Nov. 3, 2009) (―Since she is not a class member, she has no standing to object to the settlement.‖); Glass v. UBS Fin. Servs., Inc., 2007 U.S. Dist. LEXIS 8476, 2007 WL 221862, at *8 (N.D. Cal. Jan. 26, 2007) (same); see also Feder v. Elec. Data Sys. Corp., 248 Fed. Appx. 579 *2 (5th Cir. 2007) (objectors have burden of proving standing; 4 Her attorney has provided this type of information in support of other objections. See, e.g., Roos, et al. v. Honeywell International, Inc., CGC-04-436205 (S.F. Superior Court), available at file:///Documents/Plaintiffs'%20Response%20to%20Objections%20(00042458-3).PDF; Stanley Nader v. Capital One Bank USA, N.A. et al, Case No., 2:12-cv-01265-DSF (C.D. Cal) Dkt.# 160, filed Sept. 2, 2014). ―unsupported assertions of class membership‖ do not suffice). The court therefore finds that all three objectors lack standing and strikes their objections.‖ Dkt. No. 170. | | |
| 7 | Angel Aguiar v. Merisant Company et al, 2:14-cv-00670 (C.D. Cal.) | Struck from court's docket as untimely (filed 6 days after objection filing due date). Dkt. No. 128. | Notice of appeal filed March 2, 2015. Dkt. No. 130. | Narkin has not yet paid appeal filing fee, Order filed saying to file a motion for in Forma Pauperis or |

|  |  |  |  | pay fee, or else appeal will be dismissed |
|---|---|---|---|---|

H0043430.