IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DAVITT, SCOTT CARTER and MARK TUDYK, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC,<br><br>      Defendants. | Case No.: 2:13-cv-00381-MCA-JBC |

**AFFIDAVIT OF MATTHEW D. SCHELKOPF IN FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

The undersigned, Matthew D. Schelkopf, being duly sworn, hereby deposes and says:

1. I am a Partner with the firm of Chimicles & Tikellis LLP and represent the Plaintiffs in this case. I have personal knowledge of the material set forth in this affidavit, and if called as a witness could testify competently thereto.

2. This affidavit is submitted in further support of Plaintiffs' request that the Court impose an appeal bond on Michael Narkin in the event that he files a notice of appeal from this Court's order granting final approval to the class action

1

settlement and/or its order approving Plaintiffs' motion for the award of attorneys' fees and expenses.[1] (DE # 70-71).

3. As discussed in Plaintiffs' Memorandum of Law in Support of their Motion for Final Approval of the Settlement, Mr. Narkin has filed objections to seven different class action settlements (not including this one) between January 14, 2014 and January 25, 2015. (DE #65-2 at pp. 25-33). As also discussed Plaintiffs' Memorandum, the objection filed by Mr. Narkin in this case is frivolous and contains information that was clearly copied from other cases. (*Id.*).

4. Plaintiffs seek to impose an appeal bond on Mr. Narkin pursuant to FED. R. APP. P. 7. The costs on appeal that may be included in such a bond include those itemized in Rule 39 of the Federal Rules of Appellate Procedures and in 28 U.S.C. § 1920. *See* FED. R. APP. P. 39(e) (listing costs taxable by district court for benefit of prevailing party on appeal); 28 U.S.C. § 1920 (listing costs taxable by federal judges and clerks).

5. In the event that Mr. Narkin files a notice of appeal in this case, I estimate that my firm will incur costs in the amount of $2,500. This will include the costs associated with obtaining, photocopying and filing a copy of the record,

---

[1] While this relief was sought in Plaintiffs' motion for final approval of the settlement, which was granted on May 8, 2015, during the final approval hearing the Court requested that Plaintiffs' counsel submit an affidavit that outlines the costs that should be included in the appeal bond. Therefore, the time period for filing a notice of appeal from this order (and the attorneys' fee order) should begin on the date that final approval was granted and expire on June 8, 2015.

likely filing an initial motion to dismiss the appeal and, if that is denied, engaging in full merits briefing. This amount is consistent with estimates that have been approved by this Court in this context. *See In re Nutella Mktg. & Sales Practices,* No. 11-1086, 2012 U.S. Dist. LEXIS 172006, at *5-8 (D.N.J. Nov. 20, 2012), *aff'd* by 589 Fed. Appx. 53, at 60-61 (3d Cir. 2014) (affirming district court's imposition of a $2,500 appeal bond for Plaintiffs' counsel's estimated costs associated with briefing a frivolous appeal from a class action settlement approval order). *See also, In re Certainteed Fiber Cement Siding Litig.,* MDL No. 2270, 2014 U.S. Dist. LEXIS 71702, at *14-15 (E.D. Pa. May 27, 2014) (imposing a $5,000 appeal bond based on Plaintiffs' counsel's estimated costs related to the appeal).

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this 11th day of May, 2015 at Haverford, Pennsylvania.

Dated: May 11, 2015

_____
Matthew D. Schelkopf

Sworn to and Subscribed
before me this 11th day
of May, 2015.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN WRIGHT, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires July 6, 2015

3